**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB60, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| 7001 S MICHIGAN LLC, an Illinois limited liability company; 5253 S PRAIRIE LLC, an Illinois limited liability company; 7701 S GREEN PROPERTY LLC, an Illinois limited liability company; 6952 S CLYDE LLC; an Illinois limited liability company; 7646 S INGLESIDE LLC, an Illinois limited liability company; 7053 S YALE LLC, an Illinois limited liability company; 125 E 71st LLC, an Illinois limited liability company; 7645 S EAST END LLC, an Illinois limited liability company; 6214 S EBERHART LLC, an Illinois limited liability company; and 6957 S WABASH PROPERTY LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 21-cv-06906<br><br>Hon. Ronald Guzman |
| Defendants. | ) ) | |

## AGREED JUDGMENT OF FORECLOSURE AND SALE

THIS MATTER COMING TO BE HEARD UPON the Motion for Summary Judgment

(the "**Motion**") filed by Plaintiff Wilmington Trust, National Association, as trustee for the

registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage

Pass-Through Certificates, Series 2019-SB60 ("**Plaintiff**"); due and proper notice having been

given to all parties in interest; Plaintiff having submitted affidavits and other competent evidence

in support of the Motion; the Court having jurisdiction over the subject matter of this proceeding

Page 1 of 35

and the parties hereto; Defendants having consented to entry of the instant Judgment; and the Court being fully advised in the premises;

**THE COURT FINDS THAT:**

**I.    JURISDICTION**

A.      On December 29, 2021, Plaintiff filed its Complaint for Mortgage Foreclosure (the "**Complaint**")[1] involving certain real and personal properties located at and commonly known as: (1) 7001 S. Michigan Avenue, Chicago, Illinois 60637, (2) 5253 S. Prairie Avenue, Chicago, Illinois 60615, (3) 7701 S. Green Street, Chicago, Illinois 60620, (4) 6952 S. Clyde Avenue, Chicago, Illinois 60649, (5) 7646 S. Ingleside Avenue, Chicago, Illinois 60619, (6) 7053 S. Yale Avenue, Chicago, Illinois 60621, (7) 125 E. 71st Street, Chicago, Illinois 60619, (8) 7645 S. East End Avenue, Chicago, Illinois 60649, (9) 6214 S. Eberhart Avenue, Chicago, Illinois 60637, and (10) 6957 S. Wabash Avenue, Chicago, Illinois 60637, as such properties are more particularly described in Plaintiff's Complaint and the exhibits thereto (all of such real and personal property being hereinafter collectively referred to as the "**Properties**").  Dkt. No. 1.

B.      On January 12, 2022, the 10 Defendants herein (collectively, "**Borrowers**" or "**Defendants**") executed Waivers of the Service of Summons pursuant to Federal Rule of Civil Procedure 4(d), and filed their Appearance.  Dkt. Nos. 12-22.

C.      On March 14, 2022, Borrowers filed their Answer and Affirmative Defenses to the Complaint.  Dkt. No. 51.

D.      The Court specifically finds that service of process in each instance was properly effectuated in accordance with the Federal Rules of Civil Procedure.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Complaint.

83594979.6

E.     This Court has jurisdiction over all the parties hereto and the subject matter presented herein.

## II.     SUMMARY JUDGMENT

A.     Summary judgment is hereby entered in favor of Plaintiff and against Borrowers on the allegations of the Complaint.

## III.     EVIDENTIARY FINDINGS

A.     The Court finds that the allegations of fact in the Complaint filed by Plaintiff have been properly verified by sworn affidavit and are hereby found to be true and correct as alleged, and no further evidence of such facts is required.

B.     Attached to Complaint and the Affidavit of Alex Killick (the "**Killick Affidavit**") are true and correct copies of the following:

1.     Exhibit A-1, the Michigan Avenue Loan Agreement;

2.     Exhibit A-2, the Michigan Avenue Note (including the Endorsement and Allonge appended thereto);

3.     Exhibit A-3, the Michigan Avenue Mortgage;

4.     Exhibit A-4, the First Michigan Avenue Loan Assignment;

5.     Exhibit A-5, the Second Michigan Avenue Loan Assignment;

6.     Exhibit B-1, the Prairie Avenue Loan Agreement;

7.     Exhibit B-2, the Prairie Avenue Note (including the Endorsement and Allonge appended thereto);

8.     Exhibit B-3, the Prairie Avenue Mortgage;

9.     Exhibit B-4, the First Prairie Avenue Loan Assignment;

10.     Exhibit B-5, the Second Prairie Avenue Loan Assignment;

11.     Exhibit C-1, the Green Street Loan Agreement

12.     Exhibit C-2, the Green Street Note (including the Endorsement and Allonge appended thereto);

13.     <u>Exhibit C-3</u>, the Green Street Mortgage;

14.     <u>Exhibit C-4</u>, the First Green Street Loan Assignment;

15.     <u>Exhibit C-5</u>, the Second Green Street Loan Assignment;

16.     <u>Exhibit D-1</u>, the Clyde Avenue Loan Agreement;

17.     <u>Exhibit D-2</u>, the Clyde Avenue Note (including the Endorsement and Allonge appended thereto);

18.     <u>Exhibit D-3</u>, the Clyde Avenue Mortgage;

19.     <u>Exhibit D-4</u>, the First Clyde Avenue Loan Assignment;

20.     <u>Exhibit D-5</u>, the Second Clyde Avenue Loan Assignment;

21.     <u>Exhibit E-1</u>, the Ingleside Avenue Loan Agreement;

22.     <u>Exhibit E-2</u>, the Ingleside Avenue Note (including the Endorsement and Allonge appended thereto);

23.     <u>Exhibit E-3</u>, the Ingleside Avenue Mortgage;

24.     <u>Exhibit E-4</u>, the First Ingleside Avenue Loan Assignment;

25.     <u>Exhibit E-5</u>, the Second Ingleside Avenue Loan Assignment;

26.     <u>Exhibit F-1</u>, the Yale Avenue Loan Agreement;

27.     <u>Exhibit F-2</u>, the Yale Avenue Note (including the Endorsement and Allonge appended thereto);

28.     <u>Exhibit F-3</u>, the Yale Avenue Mortgage;

29.     <u>Exhibit F-4</u>, the First Yale Avenue Loan Assignment;

30.     <u>Exhibit F-5</u>, the Second Yale Avenue Loan Assignment;

31.     <u>Exhibit G-1</u>, the 71st Street Loan Agreement;

32.     <u>Exhibit G-2</u>, the 71st Street Note (including the Endorsement and Allonge appended thereto);

33.     <u>Exhibit G-3</u>, the 71st Street Mortgage;

34.     <u>Exhibit G-4</u>, the First 71st Street Loan Assignment;

35.     <u>Exhibit G-5</u>, the Second 71st Street Loan Assignment;

83594979.6

36.       Exhibit H-1, the East End Avenue Loan Agreement;

37.       Exhibit H-2, the East End Avenue Note (including the Endorsement and Allonge appended thereto);

38.       Exhibit H-3, the East End Avenue Mortgage;

39.       Exhibit H-4, the First East End Avenue Loan Assignment;

40.       Exhibit H-5, the Second East End Avenue Loan Assignment;

41.       Exhibit I-1, the Eberhart Avenue Loan Agreement;

42.       Exhibit I-2, the Eberhart Avenue Note (including the Endorsement and Allonge appended thereto);

43.       Exhibit I-3, the Eberhart Avenue Mortgage;

44.       Exhibit I-4, the First Eberhart Avenue Loan Assignment;

45.       Exhibit I-5, the Second Eberhart Avenue Loan Assignment;

46.       Exhibit J-1, the Wabash Avenue Loan Agreement;

47.       Exhibit J-2, the Wabash Avenue Note (including the Endorsement and Allonge appended thereto);

48.       Exhibit J-3, the Wabash Avenue Mortgage;

49.       Exhibit J-4, the First Wabash Avenue Loan Assignment;

50.       Exhibit J-5, the Second Wabash Avenue Loan Assignment; and

51.       Exhibit K, Notices of Default and Acceleration.

Such exhibits, including the documents executed in connection with, evidencing, securing, or otherwise relating to the Walls Loans (the "**Loan Documents**"), are admitted into evidence, and any originals presented may be withdrawn.

      C.       The Killick Affidavit filed in support of the Motion, having been presented to the Court, and having proper evidentiary foundation, is admitted into evidence. The Court finds that the allegations of fact in the Complaint, including the facts set forth below, have been properly

83594979.6

verified and are hereby found to be true and correct as alleged, and no further evidence of such facts is required.

D.      Information concerning the Michigan Avenue Mortgage, Prairie Avenue Mortgage, Green Street Mortgage, Clyde Avenue Mortgage, Ingleside Avenue Mortgage, Yale Avenue Mortgage, 71st Street Mortgage, East End Avenue Mortgage, Eberhart Avenue Mortgage, and Wabash Avenue Mortgage (collectively, the "**Mortgages**"):

## The Michigan Avenue Mortgage (Count I)

| | | |
|---|---|---|
| 1. | Nature of Instrument: | Mortgage. |
| 2. | Date of Mortgage: | December 7, 2018. |
| 3. | The name of the Mortgagor(s): | 7001 S Michigan LLC. |
| 4. | Name of the mortgagee/grantee: | Plaintiff (as ultimate assignee of Pinnacle Bank). |
| 5. | Date and place of recording of the Mortgage: | December 11, 2018, with the Cook County Recorder of Deeds (the "**Recorder**"). |
| 6. | Identification of Recording: | Document No. 1834506026. |
| 7. | Estate Conveyed: | Fee simple. |
| 8. | Amount of original indebtedness: | $2,096,000.00. |
| 9. | Legal description and common address of the mortgaged Real Estate: | |

LOTS 23, 24 AND THE NORTH 3.67 FEET OF LOT 22 IN BLOCK 12 IN N. LANCASTER'S SUBDIVISION OF THE WEST 1/2 OF THE SOUTHWEST 1/4 OF SECTION 22, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

AND

THE NORTH 25 FEET OF THE SOUTH 46.33 FEET OF LOT 22 IN BLOCK 12 IN N. LANCASTERS SUBDIVISION OF THE WEST 1/2 OF THE SOUTHWEST 1/4 OF SECTION 22, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 7001 South Michigan Avenue, Chicago, IL 60637

PIN: 20-22-322-001-0000 and 20-22-322-002-0000.

83594979.6

10.     The default occurred by virtue of the following: 7001 S Michigan LLC failed to make payments when due under the Michigan Avenue Note.

11.     As of July 31, 2022, the amount due and owing under the Michigan Avenue Note and secured by the Michigan Avenue Mortgage is as follows:

| | |
|---|---:|
| Principal: | $2,096,000.00 |
| Non-default Interest (6/1/20–7/31/22): | $213,468.08 |
| Prepayment Premium: | $233,231.40 |
| Late Fees: | $6,437.37 |
| Default Interest (10/9/20 – 7/31/22): | $177,461.43 |
| Tax Advance: | $19,923.86 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $6,750.61 |
| Special Servicing Fees: | $17,790.59 |
| Legal Fees and Costs: | $27,110.61 |
| Funds Received: | ($10,296.49) |
| **TOTAL:** | **$2,788,147.46** |

Non-default interest continues to accrue on the Michigan Avenue Loan at the *per diem* rate of $270.15, for a total of $7,023.90 as of August 25, 2022. Default interest continues to accrue on the Michigan Avenue Loan at the *per diem* rate of $232.89, for a total of $6,055.14 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$2,801,226.50.**

12.     Name(s) of the present owner of the Real Estate:

7001 S Michigan LLC.

13.     The following additional parties were properly joined as defendants to Count I, and their interests in or liens on the Michigan Avenue Property shall be terminated hereby:

None.

14.     Plaintiff is the legal owner and holder of the Michigan Avenue Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

83594979.6

15.      7001 S Michigan LLC waived any right to reinstatement or redemption provided by law.

**The Prairie Avenue Mortgage (Count II)**

| | | |
|---|---|---|
| 16. | Nature of Instrument: | Mortgage. |
| 17. | Date of Mortgage: | December 7, 2018. |
| 18. | The name of the Mortgagor(s): | 5253 S Prairie LLC. |
| 19. | Name of the mortgagee/grantee: | Plaintiff (as ultimate assignee of Pinnacle Bank). |
| 20. | Date and place of recording of the Mortgage: | December 11, 2018, with the Recorder |
| 21. | Identification of Recording: | Document No. 1834519025. |
| 22. | Estate Conveyed: | Fee simple. |
| 23. | Amount of original indebtedness: | $2,328,000.00. |

24.      Legal description and common address of the mortgaged Real Estate:

Lots 1, 2, 3 and 4 in Edgar L. Well's Subdivision of the Lots 13 and 14 in Block 2 of Jenning's Subdivision of part of Jenning's & Moffet's Subdivision of the South 60 acres of the East 1/2 of the Southwest 1/4 of Section 10, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Commonly known as: 5253-59 South Prairie Avenue, Chicago, IL 60615

PIN: 20-10-305-031-0000, 20-10-305-032-0000, 20-10-305-033-0000, and 20-10-305-034-0000.

25.      The default occurred by virtue of the following: 5253 S Prairie LLC failed to make payments when due under the Prairie Avenue Note.

26.      As of July 31, 2022, the amount due and owing under the Prairie Avenue Note and secured by the Prairie Avenue Mortgage is as follows:

| | |
|---|---|
| Principal: | $2,328,000.00 |
| Non-default Interest (6/1/20–7/31/22): | $237,096.26 |
| Prepayment Premium: | $259,047.09 |
| Late Fees: | $5,197.80 |
| Default Interest (10/9/20 – 7/31/22): | $197,104.06 |

83594979.6

| | |
|---|---|
| Tax Advance: | $14,610.69 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $7,386.52 |
| Special Servicing Fees: | $19,759.74 |
| Legal Fees and Costs: | $26,885.48 |
| Funds Received: | ($11,238.01) |
| **TOTAL:** | **$3,084,119.63** |

Non-default interest continues to accrue on the Prairie Avenue Loan at the *per diem* rate of $300.05, for a total of $7,801.30 as of August 25, 2022. Default interest continues to accrue on the Prairie Avenue Loan at the per diem rate of $258.67, for a total of $6,725.42 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$3,098,646.35.**

27.    Name(s) of the present owner of the Real Estate:

5253 S Prairie LLC.

28.    The following additional parties were properly joined as defendants to Count II, and their interests in or liens on the Prairie Avenue Property shall be terminated hereby:

None.

29.    Plaintiff is the legal owner and holder of the Prairie Avenue Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

30.    5253 S Prairie LLC waived any right to reinstatement or redemption provided by law.

**The Green Street Mortgage (Count III)**

31.    Nature of Instrument:        Mortgage.

32.    Date of Mortgage:        December 7, 2018.

33.    The name of the Mortgagor(s):    7701 S Green Property LLC.

34.    Name of the mortgagee/grantee:    Plaintiff (as ultimate assignee of Pinnacle Bank).

83594979.6

| 35. | Date and place of recording of the Mortgage: | December 11, 2018, with the Recorder |
| --- | --- | --- |
| 36. | Identification of Recording: | Document No. 1834506022. |
| 37. | Estate Conveyed: | Fee simple. |
| 38. | Amount of original indebtedness: | $1,277,000.00. |

39. Legal description and common address of the mortgaged Real Estate:

LOTS 38 AND 39 IN BLOCK 17 IN WEST AUBURN SUBDIVISION OF BLOCKS 17 TO 20 AND 29 TO 32 INCLUSIVE IN THE SUBDIVISION OF SOUTHEAST QUARTER OF SECTION 29, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as:  7701 South Green Street, Chicago, IL 60620

PIN: 20-29-423-001-0000.

40. The default occurred by virtue of the following: 7701 S Green Property LLC failed to make payments when due under the Green Street Note.

41. As of July 31, 2022, the amount due and owing under the Green Street Note and secured by the Green Street Mortgage is as follows:

| | |
| --- | --- |
| Principal: | $1,277,000.00 |
| Non-default Interest (6/1/20–7/31/22): | $130,056.62 |
| Prepayment Premium: | $142,097.57 |
| Late Fees: | $3,183.65 |
| Default Interest (10/9/20 – 7/31/22): | $108,119.43 |
| Tax Advance: | $6,958.25 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $3,346.96 |
| Special Servicing Fees: | $13,419.35 |
| Legal Fees and Costs: | $26,887.83 |
| Funds Received: | ($7,016.17) |
| **TOTAL:** | **$1,704,323.49** |

Non-default interest continues to accrue on the Green Street Loan at the *per diem* rate of $164.59, for a total of $4,279.34 as of August 25, 2022.  Default

83594979.6

interest continues to accrue on the Green Street Loan at the per diem rate of $141.89, for a total of $3,689.14 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$1,712,291.97.**

42.     Name(s) of the present owner of the Real Estate:

7701 S Green Property LLC.

43.     The following additional parties were properly joined as defendants to Count III, and their interests in or liens on the Green Street Property shall be terminated hereby:

None.

44.     Plaintiff is the legal owner and holder of the Green Street Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

45.     7701 S Green Property LLC waived any right to reinstatement or redemption provided by law.

**The Clyde Avenue Mortgage (Count IV)**

46.     Nature of Instrument:                     Mortgage.

47.     Date of Mortgage:                         December 7, 2018.

48.     The name of the Mortgagor(s):             6952 S Clyde LLC.

49.     Name of the mortgagee/grantee:            Plaintiff (as ultimate assignee of Pinnacle Bank).

50.     Date and place of recording               December 11, 2018,
        of the Mortgage:                          with the Recorder

51.     Identification of Recording:              Document No. 1834519037.

52.     Estate Conveyed:                          Fee simple.

53.     Amount of original indebtedness:          $1,840,000.00.

54.     Legal description and common address of the mortgaged Real Estate:

LOTS 91 AND 92 IN FIRST ADDITION TO BRYN MAWR HIGHLANDS, BEING A SUBDIVISION OF NORTH 3/4 OF THE WEST 1/2 OF SOUTH EAST 1/4 (EXCEPT WEST 500 1/2 FEET AND EXCEPT BRYN MAWR HIGHLANDS SUBDIVISION AND EXCEPT EAST 67TH AND 68TH STREETS AND ALSO EXCEPT EAST 1/8 AND EXCEPT STREETS) IN SECTION 24, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 6952 South Clyde Avenue, Chicago, IL 60649

PIN: 20-24-415-018-0000.

55.    The default occurred by virtue of the following: 6952 S Clyde LLC failed to make payments when due under the Clyde Avenue Note.

56.    As of July 31, 2022, the amount due and owing under the Clyde Avenue Note and secured by the Clyde Avenue Mortgage is as follows:

| | |
|---|---:|
| Principal: | $1,840,000.00 |
| Non-default Interest (6/1/20–7/31/22): | $187,395.71 |
| Prepayment Premium: | $204,745.13 |
| Late Fees: | $4,255.71 |
| Default Interest (10/9/20 – 7/31/22): | $155,786.66 |
| Tax Advance: | $17,751.40 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $4,697.38 |
| Special Servicing Fees: | $15,617.65 |
| Legal Fees and Costs: | $26,885.48 |
| Funds Received: | ($9,652.15) |
| **TOTAL:** | **$2,447,752.97** |

Non-default interest continues to accrue on the Clyde Avenue Loan at the *per diem* rate of $237.16, for a total of $6,166.16 as of August 25, 2022. Default interest continues to accrue on the Clyde Avenue Loan at the *per diem* rate of $204.44, for a total of $5,315.44 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$2,459,234.57.**

57.    Name(s) of the present owner of the Real Estate:

6952 S Clyde LLC.

58.    The following additional parties were properly joined as defendants to Count IV, and their interests in or liens on the Clyde Avenue Property shall be terminated hereby:

None.

83594979.6

59.   Plaintiff is the legal owner and holder of the Clyde Avenue Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

60.   6952 S Clyde LLC waived any right to reinstatement or redemption provided by law.

**The Ingleside Avenue Mortgage (Count V)**

61.   Nature of Instrument:                    Mortgage.

62.   Date of Mortgage:                         December 7, 2018.

63.   The name of the Mortgagor(s):       7646 S Ingleside LLC.

64.   Name of the mortgagee/grantee:      Plaintiff (as ultimate assignee of Pinnacle Bank).

65.   Date and place of recording          December 11, 2018,
      of the Mortgage:                          with the Recorder

66.   Identification of Recording:          Document No. 1834519033.

67.   Estate Conveyed:                          Fee simple.

68.   Amount of original indebtedness:     $2,000,000.00.

69.   Legal description and common address of the mortgaged Real Estate:

LOTS 24 THROUGH 28 IN BLOCK 54 IN CORNELL, A SUBDIVISION OF SECTIONS 26 AND 35, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

Commonly known as:  7646 South Ingleside Avenue, Chicago, IL 60619

PIN: 20-26-310-026-0000.

70.   The default occurred by virtue of the following: 7646 S Ingleside LLC failed to make payments when due under the Ingleside Avenue Note.

71.   As of July 31, 2022, the amount due and owing under the Ingleside Avenue Note and secured by the Ingleside Avenue Mortgage is as follows:

| | |
|---|---|
| Principal: | $2,000,000.00 |
| Non-default Interest (6/1/20–7/31/22): | $203,690.95 |
| Prepayment Premium: | $222,549.05 |

83594979.6

| | |
|---|---|
| Late Fees: | $4,027.93 |
| Default Interest (10/9/20 – 7/31/22): | $169,333.37 |
| Tax Advance: | $16,255.57 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $5,159.16 |
| Special Servicing Fees: | $16,975.76 |
| Legal Fees and Costs: | $26,885.48 |
| Funds Received: | ($9,990.52) |
| **TOTAL:** | **$2,655,156.75** |

Non-default interest continues to accrue on the Ingleside Avenue Loan at the *per diem* rate of $257.78, for a total of $6,702.28 as of August 25, 2022. Default interest continues to accrue on the Ingleside Avenue Loan at the *per diem* rate of $222.22, for a total of $5,777.72 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$2,667,636.75.**

72.     Name(s) of the present owner of the Real Estate:

7646 S Ingleside LLC.

73.     The following additional parties were properly joined as defendants to Count V, and their interests in or liens on the Ingleside Avenue Property shall be terminated hereby:

None.

74.     Plaintiff is the legal owner and holder of the Ingleside Avenue Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

75.     7646 S Ingleside LLC waived any right to reinstatement or redemption provided by law.

**The Yale Avenue Mortgage (Count VI)**

76.     Nature of Instrument:                 Mortgage.

77.     Date of Mortgage:                     December 7, 2018.

78.     The name of the Mortgagor(s):         7053 S Yale LLC.

83594979.6

79.  Name of the mortgagee/grantee:   Plaintiff (as ultimate assignee of Pinnacle Bank).

80.  Date and place of recording of the Mortgage:   December 11, 2018, with the Recorder

81.  Identification of Recording:   Document No. 1834519029; Scrivener's Affidavit Document No. 1834534137

82.  Estate Conveyed:   Fee simple.

83.  Amount of original indebtedness:   $1,528,000.00.

84.  Legal description and common address of the mortgaged Real Estate:

South 98 feet of Lot 7 in Block 14 in Normal School Subdivision of the West 1/2 of South East 1/4 of Section 21, Township 38 North, Range 14 East of the Third Principal Meridian, in Cook County, Illinois

Commonly known as: 7053 South Yale Avenue, Chicago, IL 60621

PIN: 20-21-422-016-0000.

85.  The default occurred by virtue of the following: 7053 S Yale LLC failed to make payments when due under the Yale Avenue Note.

86.  As of July 31, 2022, the amount due and owing under the Yale Avenue Note and secured by the Yale Avenue Mortgage is as follows:

| | |
|---|---|
| Principal: | $1,528,000.00 |
| Non–default Interest (6/1/20–7/31/22): | $155,619.94 |
| Prepayment Premium: | $170,027.47 |
| Late Fees: | $3,521.11 |
| Default Interest (10/9/20 – 7/31/22): | $129,370.63 |
| Tax Advance: | $12,530.32 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $3,861.20 |
| Special Servicing Fees: | $13,419.35 |
| Legal Fees and Costs: | $26,885.48 |
| Funds Received: | ($8,417.77) |

83594979.6

| | |
|---|---|
| **TOTAL:** | **$2,035,087.73** |

Non-default interest continues to accrue on the Yale Avenue Loan at the *per diem* rate of $196.94, for a total of $5,120.44 as of August 25, 2022. Default interest continues to accrue on the Yale Avenue Loan at the *per diem* rate of $169.78, for a total of $4,414.28 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$2,044,622.45.**

87.     Name(s) of the present owner of the Real Estate:

        7053 S Yale LLC.

88.     The following additional parties were properly joined as defendants to Count VI, and their interests in or liens on the Yale Avenue Property shall be terminated hereby:

        None.

89.     Plaintiff is the legal owner and holder of the Yale Avenue Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

90.     7053 S Yale LLC waived any right to reinstatement or redemption provided by law.

**The 71st Street Mortgage (Count VII)**

91.     Nature of Instrument:                   Mortgage.

92.     Date of Mortgage:                    December 7, 2018.

93.     The name of the Mortgagor(s):      125 E 71st LLC.

94.     Name of the mortgagee/grantee:    Plaintiff (as ultimate assignee of Pinnacle Bank).

95.     Date and place of recording of the Mortgage:              December 11, 2018, with the Recorder

96.     Identification of Recording:        Document No. 1834506014.

97.     Estate Conveyed:                    Fee simple.

98.     Amount of original indebtedness:   $880,000.00.

99.     Legal description and common address of the mortgaged Real Estate:

83594979.6

LOTS 1, 2, 3 AND 4 (EXCEPT THE EAST 50 FEET OF SAID LOTS) IN BLOCK 1 IN D. B. SCULLY'S SUBDIVISION OF THE NORTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 27, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 125 East 71st Street, Chicago, IL 60619

PIN: 20-27-102-022-0000.

100.    The default occurred by virtue of the following: 125 E 71st LLC failed to make payments when due under the 71st Street Note.

101.    As of July 31, 2022, the amount due and owing under the 71st Street Note and secured by the 71st Street Mortgage is as follows:

| | |
|---|---:|
| Principal: | $880,000.00 |
| Non–default Interest (6/1/20–7/31/22): | $98,625.23 |
| Prepayment Premium: | $102,881.20 |
| Late Fees: | $2,159.95 |
| Default Interest (10/9/20 – 7/31/22): | $80,471.07 |
| Tax Advance: | $8,703.80 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $2,468.54 |
| Special Servicing Fees: | $13,419.35 |
| Legal Fees and Costs: | $26,872.22 |
| Funds Received: | ($6,128.89) |
| **TOTAL:** | **$1,209,742.47** |

Non-default interest continues to accrue on the 71st Street Loan at the *per diem* rate of $115.87, for a total of $3,012.62 as of August 25, 2022. Default interest continues to accrue on the 71st Street Loan at the *per diem* rate of $97.78, for a total of $2,542.28 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$1,215,297.37.**

102.    Name(s) of the present owner of the Real Estate:

125 E 71st LLC.

83594979.6

103.    The following additional parties were properly joined as defendants to Count VII, and their interests in or liens on the 71st Street Property shall be terminated hereby:

None.

104.    Plaintiff is the legal owner and holder of the 71st Street Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

105.    125 E 71st LLC waived any right to reinstatement or redemption provided by law.

## The East End Avenue Mortgage (Count VIII)

| | | |
|---|---|---|
| 106. | Nature of Instrument: | Mortgage. |
| 107. | Date of Mortgage: | December 7, 2018. |
| 108. | The name of the Mortgagor(s): | 7645 S East End LLC. |
| 109. | Name of the mortgagee/grantee: | Plaintiff (as ultimate assignee of Pinnacle Bank). |
| 110. | Date and place of recording of the Mortgage: | December 11, 2018, with the Recorder |
| 111. | Identification of Recording: | Document No. 1834506018. |
| 112. | Estate Conveyed: | Fee simple. |
| 113. | Amount of original indebtedness: | $1,896,000.00. |
| 114. | Legal description and common address of the mortgaged Real Estate: | |

THE NORTH 18 FEET OF LOT 28, AND ALL OF LOTS 29, 30, 31 AND LOT 32 (EXCEPT THE NORTH 14 FEET THEREOF), IN BLOCK 11, IN JAMES STINSON'S SUBDIVISION OF EAST GRAND CROSSING, BEING A SUBDIVISION IN THE SOUTHWEST 1/4 OF SECTION 25, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 7645 South East End Avenue, Chicago, IL 60649

PIN: 20-25-310-010-0000.

115.    The default occurred by virtue of the following: 7645 S East End LLC failed to make payments when due under the East End Avenue Note.

116.    As of July 31, 2022, the amount due and owing under the East End Avenue Note and secured by the East End Avenue Mortgage is as follows:

Page 18 of 35

| | |
|---|---:|
| Principal: | $1,896,000.00 |
| Non-default Interest (6/1/20–7/31/22): | $193,099.02 |
| Prepayment Premium: | $210,976.50 |
| Late Fees: | $3,774.04 |
| Default Interest (10/9/20 – 7/31/22): | $160,528.06 |
| Tax Advance: | $13,788.39 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $4,686.89 |
| Special Servicing Fees: | $16,093.00 |
| Legal Fees and Costs: | $26,898.74 |
| Funds Received: | ($8,969.35) |
| **TOTAL:** | **$2,517,145.29** |

Non-default interest continues to accrue on the East End Avenue Loan at the *per diem* rate of $244.37, for a total of $6,353.62 as of August 25, 2022. Default interest continues to accrue on the East End Avenue Loan at the *per diem* rate of $210.67, for a total of $5,477.42 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$2,528,976.33.**

117.     Name(s) of the present owner of the Real Estate:

7645 S East End LLC.

118.     The following additional parties were properly joined as defendants to Count VIII, and their interests in or liens on the East End Avenue Property shall be terminated hereby:

None.

119.     Plaintiff is the legal owner and holder of the East End Avenue Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

120.     7645 S East End LLC waived any right to reinstatement or redemption provided by law.

**The Eberhart Avenue Mortgage (Count IX)**

121.     Nature of Instrument:                    Mortgage.

83594979.6

122.    Date of Mortgage:                          December 7, 2018.

123.    The name of the Mortgagor(s):              6214 S Eberhart LLC.

124.    Name of the mortgagee/grantee:             Plaintiff (as ultimate assignee
                                                    of Pinnacle Bank).

125.    Date and place of recording                December 11, 2018,
        of the Mortgage:                           with the Recorder

126.    Identification of Recording:               Document No. 1834519041.

127.    Estate Conveyed:                           Fee simple.

128.    Amount of original indebtedness:           $2,288,000.00.

129.    Legal description and common address of the mortgaged Real Estate:

Lots 32, 33, 34, 35 and the South 4 feet of Lot 36 in Block 6 in the Resubdivision of Blocks 11 and 12 in the Resubdivision of the Washington Park Club Addition to Chicago a Subdivision of the South 1/2 of the South East 1/4 of Section 15, Township 38 North, Range 14 East of the Third Principal Meridian, in Cook County, Illinois

Commonly known as: 6214 South Eberhart Avenue, Chicago, IL 60637

PIN: 20-15-417-009-0000.

130.    The default occurred by virtue of the following: 6214 S Eberhart LLC failed to make payments when due under the Eberhart Avenue Note.

131.    As of July 31, 2022, the amount due and owing under the Eberhart Avenue Note and secured by the Eberhart Avenue Mortgage is as follows:

| | |
|---|---|
| Principal: | $2,288,000.00 |
| Non-default Interest (6/1/20–7/31/22): | $233,022.45 |
| Prepayment Premium: | $254,596.11 |
| Late Fees: | $5,022.85 |
| Default Interest (10/9/20 – 7/31/22): | $193,717.37 |
| Tax Advance: | $17,805.30 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $8,355.53 |
| Special Servicing Fees: | $19,420.26 |
| Legal Fees and Costs: | $26,885.48 |

83594979.6

| | |
|---|---|
| Funds Received: | ($10,945.15) |
| **TOTAL:** | **$3,036,150.20** |

Non-default interest continues to accrue on the Eberhart Avenue Loan at the *per diem* rate of $294.90, for a total of $7,667.40 as of August 25, 2022. Default interest continues to accrue on the Eberhart Avenue Loan at the *per diem* rate of $254.22, for a total of $6,609.72 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$3,050,427.32.**

132.  Name(s) of the present owner of the Real Estate:

6214 S Eberhart LLC.

133.  The following additional parties were properly joined as defendants to Count IX, and their interests in or liens on the Eberhart Avenue Property shall be terminated hereby:

None.

134.  Plaintiff is the legal owner and holder of the Eberhart Avenue Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

135.  6214 S Eberhart LLC waived any right to reinstatement or redemption provided by law.

**The Wabash Avenue Mortgage (Count X)**

136.  Nature of Instrument:                          Mortgage.

137.  Date of Mortgage:                              December 7, 2018.

138.  The name of the Mortgagor(s):                  6957 S Wabash Property LLC.

139.  Name of the mortgagee/grantee:                 Plaintiff (as ultimate assignee of Pinnacle Bank).

140.  Date and place of recording of the Mortgage:   December 11, 2018, with the Recorder

141.  Identification of Recording:                   Document No. 1834506030.

142.  Estate Conveyed:                               Fee simple.

143. Amount of original indebtedness: $1,432,000.00.

144. Legal description and common address of the mortgaged Real Estate:

Lot 13 in Block 8 in N. Lancaster's Subdivision of the West 1/2 of the Southwest 1/4 of Section 22, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Commonly known as: 6957 South Wabash Avenue, Chicago, IL 60637

PIN: 20-22-313-022-0000.

145. The default occurred by virtue of the following: 6957 S Wabash Property LLC failed to make payments when due under the Wabash Avenue Note.

146. As of July 31, 2022, the amount due and owing under the Wabash Avenue Note and secured by the Wabash Avenue Mortgage is as follows:

| | |
|---|---|
| Principal: | $1,432,000.00 |
| Non-default Interest (6/1/20–7/31/22): | $145,842.81 |
| Prepayment Premium: | $159,345.12 |
| Late Fees: | $3,260.86 |
| Default Interest (10/9/20 – 7/31/22): | $121,242.57 |
| Tax Advance: | $11,454.52 |
| Protective Advance: | $270.00 |
| Interest on Advances: | $3,932.42 |
| Special Servicing Fees: | $13,419.35 |
| Legal Fees and Costs: | $26,885.33 |
| Funds Received: | ($7,980.91) |
| **TOTAL:** | **$1,909,672.07** |

Non-default interest continues to accrue on the Wabash Avenue Loan at the *per diem* rate of $184.57, for a total of $4,798.82 as of August 25, 2022. Default interest continues to accrue on the Wabash Avenue Loan at the *per diem* rate of $159.11, for a total of $4,136.86 as of August 25, 2022. Thus, total the amount due Plaintiff—inclusive of *per diem* interest through August 25, 2022—is **$1,918,607.75.**

147. Name(s) of the present owner of the Real Estate:

83594979.6

6957 S Wabash Property LLC.

148.    The following additional parties were properly joined as defendants to Count X, and their interests in or liens on the Wabash Avenue Property shall be terminated hereby:

None.

149.    Plaintiff is the legal owner and holder of the Wabash Avenue Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

150.    6957 S Wabash Property LLC waived any right to reinstatement or redemption provided by law.

## IV.    DEEMED ALLEGATIONS PROVED

A.    On the date indicated in the Complaint, the obligors of the indebtedness or other obligations secured by the Mortgages were justly indebted in the amount of the indicated original indebtedness to the original mortgagees or payees of the Loan Documents.

B.    The exhibits attached to the Complaint include true and correct copies of the Loan Documents.

C.    Borrowers were, at the date indicated in the Complaint, the owners of the interests in the Properties described in the Complaint and as of said date made, executed, and delivered the Mortgages as security for the other Loan Documents.

D.    The Mortgages were recorded in the county in which the Properties are located on the date(s) indicated.

E.    Defaults occurred as indicated in the Complaint and in evidence, including the Affidavit presented to the Court.

F.    Borrowers are the present owners of the indicated interests in and to the Properties described.

G.   The Mortgages constitute valid, prior, and paramount liens on the Properties, which liens are prior and superior to the right, title, interest, claim, or lien of all defendants herein; whose interest in the Properties is terminated by this foreclosure.

H.   By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by Plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the Mortgages.

I.   If required, any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

J.   If required, any and all periods of grace and reinstatement or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

K.   The amounts due Plaintiff are set forth in the evidence, including the Affidavits presented to the Court; the same is correctly stated and if such computation indicated any advances made or to be made by Plaintiff, such advances were, in fact, made or will be required to be made, and under and by virtue of the Mortgages, the same constitute additional indebtedness secured by the Mortgages.

L.   In addition to the express allegations of the Complaint, all of the deemed allegations provided by Section 15-1504 of the Illinois Mortgage Foreclosure Law are also proved and no further evidence of these allegations is required.

## V.     FINDINGS REGARDING COSTS AND ATTORNEYS' FEES

A.   Plaintiff has been compelled to employ and retain attorneys to prepare and file the Complaint and to represent and advise it in the foreclosure of the Mortgages. Plaintiff is liable for the usual, reasonable and customary fees of the attorneys it has retained.

B.   Plaintiff has been compelled to advance, or will be compelled to advance, various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with this proceeding, including without limitation the following: filing fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, foreclosure minutes, and a title insurance policy.

C.   In order to protect and preserve the Properties, it has or may become necessary for Plaintiff to pay fire and other hazard insurance premiums for the Properties, or to make such repairs to the Properties as may reasonably be deemed necessary for the proper preservation thereof, including receiver-related costs and expenses.

D.   In order to protect the lien of the Mortgages, it has or may become necessary for Plaintiff to pay taxes which have been and will be levied on the Properties.

E.   The Mortgages and other Loan Documents provide for the reimbursement of all expenditures which may be paid for attorneys' fees and costs that were incurred and are necessary for the protection of Plaintiff's interest or the enforcement of its rights, in addition to all other sums provided by law and/or the Loan Documents. Such sums constitute additional indebtedness secured by the Mortgages.

F.   The Affidavit(s) of Plaintiff's representative filed in support of the Motion are sufficient proof of the facts stated in the Complaint and the Motion. The Affidavit of Aaron C.

Jackson for Attorneys' Fees and Costs is sufficient proof of the facts stated therein, and the amounts due Plaintiff for attorneys' fees and costs are as set forth in Section III hereof.

G.   The attorneys' fees, costs, expenses, and disbursement allowed herein as stated above are fair, reasonable, and proper, and as provided by the Loan Documents, shall be added to and become part of the indebtedness due Plaintiff. Additional attorneys' fees, costs, expenses, and disbursements not included in the judgment amount or hereafter incurred shall be added to and become part of the indebtedness due Plaintiff upon further order of this Court.

H.   Pursuant to Northern District of Illinois Local Rule 54.4, the Court has approved the portion of the lien(s) attributable to attorneys' fees only for purposes of the foreclosure sales, and not for purposes of determining the amount required to be paid personally by Borrowers in the event of redemption by Borrowers, or deficiency judgment(s), or otherwise. In the event of redemption by Borrowers or for purposes of any personal deficiency judgment, this Court reserves the right to review the amount of attorneys' fees to be included for either purpose.

## VI.   ULTIMATE FINDINGS

A.   Plaintiff is entitled to foreclose the Mortgages and obtain judgments of foreclosure as requested in the Complaint. As such, Plaintiff is entitled to obtain summary judgment and judgments of foreclosure under Counts I-X, as follows:

1.   As to Defendant 7001 S Michigan LLC under Count I in the amount of $2,801,226.50, including the costs, expenses, and fees incurred in the amount of $27,110.61;

2.   As to Defendant 5253 S Prairie LLC under Count II in the amount of $3,098,646.35, including the costs, expenses, and fees incurred in the amount of $26,885.48;

3.   As to Defendant 7701 S Green Property LLC under Count III in the amount of $1,712,291.97, including the costs, expenses, and fees incurred in the amount of $26,887.83;

83594979.6

4.      As to Defendant 6952 S Clyde LLC under Count IV in the amount of $2,459,234.57, including the costs, expenses, and fees incurred in the amount of $26,885.48;

5.      As to Defendant 7646 S Ingleside LLC under Count V in the amount of $2,667,636.75, including the costs, expenses, and fees incurred in the amount of $26,885.48;

6.      As to Defendant 7053 S Yale LLC under Count VI in the amount of $2,044,622.45, including the costs, expenses, and fees incurred in the amount of $26,885.48;

7.      As to Defendant 125 S 71st LLC under Count VII in the amount of $1,215,297.37, including the costs, expenses, and fees incurred in the amount of $26,872.22;

8.      As to Defendant 7645 S East End LLC under Count VIII in the amount of $2,528,976.33, including the costs, expenses, and fees incurred in the amount of $26,898.74;

9.      As to Defendant 6214 S Eberhart LLC under Count IX in the amount of $3,050,427.32, including the costs, expenses, and fees incurred in the amount of $26,885.48; and

10.     As to Defendant 6957 S Wabash Property LLC under Count X in the amount of $1,918,607.75, including the costs, expenses, and fees incurred in the amount of $26,885.33.

B.   The Mortgages are prior and superior to all other mortgages, claims of interest and liens upon the Properties, except for real estate taxes and special assessments, if any.

C.   Defendants are found and declared to have no interest in the Properties.

D.   The Properties shall be sold free and clear of all liens and encumbrances except:

1.      General real estate taxes and special assessments, if any; and

2.      Easements and restrictions of record.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

**VII.    ORDER UPON REQUEST TO FORECLOSE THE PROPERTIES: COUNTS I-X:**

A.   Judgment is hereby entered against Borrowers, as follows:

1.      Against Defendant 7001 S Michigan LLC under Count I in the amount of $2,801,226.50;

2.      Against Defendant 5253 S Prairie LLC under Count II in the amount of $3,098,646.35;

3.      Against Defendant 7701 S Green Property LLC under Count III in the amount of $1,712,291.97;

4.      Against Defendant 6952 S Clyde LLC under Count IV in the amount of $2,459,234.57;

5.      Against Defendant 7646 S Ingleside LLC under Count V in the amount of $2,667,636.75;

6.      Against Defendant 7053 S Yale LLC under Count VI in the amount of $2,044,622.45;

7.      Against Defendant 125 S 71st LLC under Count VII in the amount of $1,215,297.37;

8.      Against Defendant 7645 S East End LLC under Count VIII in the amount of $2,528,976.33;

9.      Against Defendant 6214 S Eberhart LLC under Count IX in the amount of $3,050,427.32; and

10.     Against Defendant 6957 S Wabash Property LLC under Count X in the amount of $1,918,607.75.

B.    An accounting has been taken under the direction of the Court of the amounts due and owing to Plaintiff as declared herein.

C.    In default of such payments in accordance with this Judgment and after notice of the sales is made in accordance with the provisions of Section 15-1507(c) of the Illinois Mortgage Foreclosure Law, the Properties shall be sold as directed by the Court to satisfy the amounts due Plaintiff as set forth in this Judgment, together with all other allowable fees, costs, and interest thereon at the statutory judgment rate from the date of this Judgment.

D.    In the event Plaintiff is the purchaser of any or all of the Properties at such sales, Plaintiff may offset against the purchase price of any or all of the Properties the amounts due to Plaintiff under this Judgment and the order confirming the sales, as its interest appear in this Judgment.

83594979.6

E.  In the event of such sales the defendants made parties to this foreclosure action in accordance with statutory provisions, and all Non-Record Claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through, or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the Properties.

F.  Deeds and bills of sale for the Properties shall be issued to the purchaser(s) thereat according to law and such purchaser(s) shall be let into possession of the Properties in accordance with statutory provisions.

## VIII.  ORDER UPON SPECIAL MATTERS

A.  The sales of the Properties shall be by public auction.

B.  The sales shall be by open, verbal bid.

C.  The Judicial Sales Corporation (the "**Selling Officer**") is appointed the selling officer for the purpose of conducting the sales and all activities related thereto.

D.  Exceptions to which title to the Properties shall be subject at the sales shall include general real estate taxes for the current year and for the preceding year (if any) which have not become due and payable as of the date of this judgment, any special assessments upon the real estate, and easements and restrictions of record.

E.  In the event that Plaintiff is a successful bidder at the sales, it may offset against the purchase price to be paid for any or all of the Properties the amounts due Plaintiff under this Judgment, the order confirming the sales, or such other order or judgment as may be entered by the Court prior to the sales.

83594979.6

IX.    **ORDER FOR JUDICIAL SALES**

A.    The Properties are ordered sold in accordance with statutory provisions and as provided in this Judgment of Foreclosure.

B.    The place and date of sales shall be as noticed and as advertised in accordance with the Illinois Mortgage Foreclosure Law.

C.    Notice of Sales. Plaintiff, as mortgagee, or such other party designated by the Court shall give public notices of the sales in accordance with the requirements under the Illinois Mortgage Foreclosure Law.

    1.    The notices of sales shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notices:

        a.  the name, address and telephone number of the person to contact for information regarding the Properties;

        b.  the common address and/or other common description (other than legal description), if any, of the Properties;

        c.  a legal description of the Properties sufficient to identify them with reasonable certainty;

        d.  a general description of the improvements on the Properties, if any;

        e.  whether the Properties may be inspected prior to the sales upon making reasonable arrangements with the person identified in paragraph 1(a), above;

        f.  the time and place of the sales;

        g.  the terms of the sales;

        h.  the case title, case number and the court in which the foreclosure was filed; and

        i.  no other information is required.

    2.    The notices of sales shall be published at least three consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sales, the last such notice to be published not less than 7 days prior to the day of sales by:

83594979.6

(A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed; and (B) separate advertisements in the section of such newspaper, which may not be the same newspaper used for section (A), in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description; and (C) such other publications as may be further ordered by the court.

3.     Plaintiff or the Selling Officer also shall give notice to all parties in the action who have appeared and have not heretofore been found by the Court to be in default for failure to plead. Such notices shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the day of sales. After notice is given as required in this Section, a copy thereof shall be filed in the office of the Clerk of this Court, together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

4.     Plaintiff or the Selling Officer shall give notice of any adjourned sales; provided, however, that if the adjourned sale(s) is to occur less than 60 days after the last scheduled sale(s), notice of any adjourned sale(s) need not be given.

5.     Notice of the sales may be given prior to the expiration of the redemption period, if any.

6.     No other notice by publication or posting shall be necessary.

7.     The person named in the notices of sale to be contacted for information about the Properties shall not be required to provide information in addition to that set forth in the notices of sale.

D.    Election of Property. The Properties are susceptible to division, and the Selling Officer shall order each of them to be sold to satisfy this Judgment. The Selling Officer may determine the order in which separate tracts may be sold.

E.    Certificates of Sale. The Selling Officer shall issue, in duplicate, and give to the purchaser(s), certificates of sale in recordable form pursuant to 735 ILCS 5/15-1507(f). The certificates shall be freely assignable by endorsement thereon.

83594979.6

## X.      TRANSFER OF TITLE

A.    Upon or after confirmation of the sales, the Selling Officer, such other person who conducted the sales, or the Court shall execute deeds to the real estate and bills of sale to the personal property to the holder(s) of the certificates of sale sufficient to convey title, which deeds and bills of sale shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deeds and bills of sale. Signature and the recital in the deeds and the bills of sale of the title or authority of the person signing the deeds as grantor, and bills of sale, as assignor, of authority pursuant to this Judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deeds and the bills of sale, but such deeds and bills of sale shall not be construed to contain any covenant on the part of the person executing it.

B.    Delivery of the deeds and the bills of sale executed on the sales of the Properties, even if the purchaser(s) or holder(s) of the certificates of sale is a party to the foreclosure, shall be sufficient to pass title thereto. Except as otherwise provided herein, such conveyances shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any Non-Record Claimant who has been given notice of the foreclosure as provided by statute.

## XI.     APPLICATION OF PROCEEDS

A.    The proceeds resulting from the sales ordered herein shall be applied in the following order:

1.      The reasonable expenses of the sales;

2.      The reasonable expenses of securing possession before the sales, holding, maintaining, and preparing the Properties for sale, including, without limitation, payment of taxes and other governmental charges, premiums on hazard and liability insurance, management and/or receiver's fees, including interest thereon;

83594979.6

3.      Satisfaction of claims in the order of priority adjudicated in this Judgment of Foreclosure, or such other or additional orders as may be entered by this Court; and

4.      Remittance of any surplus to the Borrowers, as mortgagors, or as otherwise directed by the Court.

## XII.    REDEMPTION

A.    This is a foreclosure of mortgages of commercial real estate.

B.    In commercial foreclosures, the redemption period shall end on the later of (i) the date 6 months from the date the mortgagor or, if more than one, all the mortgagors (A) have been served with summons or by publication or (B) have otherwise submitted to the jurisdiction of the court, or (ii) the date 3 months from the date of entry of a judgment of foreclosure.

C.    However, Borrowers waived any and all rights of redemption from sale to the full extent permitted by law.

## XIII.    OTHER MATTERS

A.    <u>REPORTS OF SALE</u>

The Selling Officer, or such other person conducting the sales of the Properties, shall file reports with the Clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof.

B.    <u>HOMESTEAD WAIVER</u>

The Properties are not subject to homestead or other exemptions. Accordingly, Borrowers, as mortgagors, are barred from claiming any right of homestead or other exemptions in the Properties.

C.    <u>DEFICIENCY</u>

If the money arising from said sales shall be insufficient to pay the amounts due to Plaintiff with interest and the costs and expenses of sales, the person conducting the sales shall specify the

83594979.6

amount of such deficiency in the reports of sale, and Plaintiff reserves the right to seek entry of a deficiency judgment on account thereof, if appropriate.

        D.     <u>POSSESSION</u>

After the Court enters an order(s) confirming the foreclosure sales of the Properties, Plaintiff shall be placed in possession of the Properties, except that after a sale pursuant to this Judgment the holder(s) of the certificate(s) of sale (or, if none, the purchaser(s) at the sale(s)) shall be placed in possession, with all rights and duties of a mortgagee in possession under the Illinois Mortgage Foreclosure Law.

        E.     <u>SERVICE OF ORDER</u>

Plaintiff is to mail a copy of this Order within seven days of entry hereof to the last known address of Borrowers, as mortgagors.

        F.     <u>RETENTION OF JURISDICTION</u>

The Court hereby retains jurisdiction over the subject matter of this action and all the parties hereto for the purpose of, among other things, determining and enforcing this Judgment and confirming the sales of the Properties.

ENTER:

Dated: August 25, 2022

Ronald A. Guzman
United States District Judge

Drafted by:
Nathan B. Grzegorek (ARDC No. 6306078)
Aaron C. Jackson (admitted *pro hac vice*)
POLSINELLI PC
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: 312.819.1900
Facsimile: 312.819.1910

83594979.6

Email: NGrzegorek@Polsinelli.com
AJackson@Polsinelli.com
ChicagoDocketing@polsinelli.com

83594979.6